Roberta L. Steele, CA SBN 188198
U.S. Equal Employment Opportunity Commission
San Francisco District Office
450 Golden Gate Ave, 5th Floor West
P.O. Box 36025
San Francisco, CA  94102

John F. Stanley, WASBN 15418
May R. Che, NY SBN 4255378
U.S. Equal Employment Opportunity Commission
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA  98104
Tel: (206) 220-6919
Facsimile: (206) 220-6911
may.che@eeoc.gov

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff <br><br> v. <br><br> JACKSONS FOOD STORES, INC., d/b/a JACKSON ENERGY <br><br> Defendant. | CIVIL ACTION NO. <br><br> COMPLAINT <br><br> JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 *et. seq.*, ("ADA" and "ADAAA") to correct

EEOC v. Jacksons Food Stores d/b/a Jackson Energy
COMPLAINT
Page 1 of 7

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

unlawful employment practices on the basis of disability and to provide appropriate relief to Penny Wightman who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC") alleges that Jacksons Food Stores, Inc. d/b/a Jackson Energy ("Defendant") discriminated against Ms. Wightman, a qualified individual with a disability, when it: (1) failed to provide a reasonable accommodation in violation of the ADA; and (2) terminated her from her dispatcher job on November 11, 2015.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Idaho.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. 2000e-5(f)(1).

EEOC v. Jacksons Food Stores d/b/a Jackson Energy
COMPLAINT
Page 2 of 7

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

4. At all relevant times, Defendant has continuously been doing business in the State of Idaho and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty (30) days prior to the institution of this lawsuit, Charging Party Penny Wightman filed a charge with the EEOC alleging violations of Title I of the ADA by Defendant.

8. On August 17, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title I of the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

EEOC v. Jacksons Food Stores d/b/a Jackson Energy
COMPLAINT
Page 3 of 7

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

11. On September 14, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least August 24, 2015, Defendant has engaged in unlawful employment practices in violation of Sections 102(a) and 102(b)(5) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(5). Defendant discriminated against Penny Wightman, a qualified individual with a disability, when it: (1) failed to provide a reasonable accommodation in violation of the ADA; and (2) terminated her from her dispatcher job on November 11, 2015.

14. Ms. Wightman is an individual with a disability. On or about July 18, 2015, Ms. Wightman suffered a fractured wrist on her right arm. On or about July 23, 2015, Ms. Wightman underwent surgery to realign the wrist bone through placement of metal rods, screws, or plates. Ms. Wightman received ongoing physical therapy to regain function and mobility in her right hand and was prescribed medication for the pain. Ms. Wightman's condition caused her to experience extreme pain, difficulty sleeping, and substantially limited Ms. Wightman's major life activity of musculoskeletal functioning.

15. On or about July 29, 2015, Ms. Wightman was medically released to return to work with restrictions. From July 30, 2015 through August 24, 2015, Ms. Wightman was placed on modified work duty by Defendant. Ms. Wightman worked a full-time schedule. As part of her modified work duties, Ms. Wightman was assigned to train a colleague to fulfill the specific functions of the position she usually held.

EEOC v. Jacksons Food Stores d/b/a Jackson Energy
COMPLAINT
Page 4 of 7

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

16. On or about August 24, 2015, Defendant discontinued Ms. Wightman's modified work duty assignment and required Ms. Wightman to go on medical leave that was available under the Family and Medical Leave Act (FMLA), until she was able to return to work without restrictions.

17. During the period July 30, 2015 through November 10, 2015, Ms. Wightman contacted Defendant on several occasions about potential reasonable accommodations that may allow her to perform her job functions. For example, on or about September 28, 2015, Ms. Wightman requested Jacksons to explore speech recognition software as a potential reasonable accommodation.

18. Defendant did not engage in the interactive process or provide Ms. Wightman with a reasonable accommodation. Instead, on or about November 11, 2015, after Ms. Wightman advised Defendant that she was only medically released to work with restrictions, Defendant terminated Ms. Wightman's employment for exceeding Defendant's maximum leave policy.

18. The effect of the practices complained of in paragraphs 13-18 above have been to deprive Ms. Wightman of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

17. The unlawful employment practices complained of in paragraphs 13-18 above were and are intentional.

18. The unlawful employment practices complained of in paragraphs 13-18 above were done with malice or with reckless indifference to the federally protected rights of Ms. Wightman.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, successors, assigns, and all persons in active concert or participation with it, from unlawfully failing to provide equal employment opportunities to applicants for employment and employees with disabilities and to accommodate applicants' and employees' disabilities, and any other employment practice which discriminates on the basis of disability.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Ms. Wightman by providing appropriate back pay with interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order Defendant to make whole Ms. Wightman by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-18 above, including past and future out-of-pocket losses, in amounts to be determined at trial.

E.     Order Defendant to make whole Ms. Wightman by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 13-18 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

EEOC v. Jacksons Food Stores d/b/a Jackson Energy
COMPLAINT
Page 6 of 7

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

    F.    Order Defendant to pay Ms. Wightman punitive damages for its malicious or reckless conduct, as described in paragraph 13 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 29th day of September, 2017.

ROBERTA L. STEELE
Regional Attorney

BY: */s/ Roberta L. Steele*
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, WA  98104-1061
Telephone (206) 220-6919
Facsimile (206) 220-6911
Roberta.steele@eeoc.gov

JOHN F. STANLEY
Supervisory Trial Attorney
John.stanley@eeoc.gov

MAY R. CHE
Senior Trial Attorney
May.che@eeoc.gov

JAMES L. LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

Office of the General Counsel
131 M Street, N.E.
Washington, D.C. 20507

                      Attorneys for Plaintiff EEOC

EEOC v. Jacksons Food Stores d/b/a Jackson Energy
COMPLAINT
Page 7 of 7

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882