Tamsen Leachman (Bar No. 5697)
Email: tleachman@littler.com
LITTLER MENDELSON, P.C.
121 SW Morrison, Suite 900
Portland, OR  97204
Telephone: 503.221.0309
Fax: 503.242.2457

ATTORNEYS FOR DEFENDANT
JACKSONS FOOD STORES, INC., D/B/A JACKSON ENERGY

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
## SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>**JACKSONS FOOD STORES, INC., d/b/a JACKSON ENERGY,**<br><br>Defendant. | Case No. 1:17-cv-00407-REB<br><br>ANSWER TO COMPLAINT |

### NATURE OF THE ACTION

This is a summary of the allegations and claims asserted, thus no response is required.

### JURISDICTION AND VENUE

1. In response to the allegations in paragraph 1 of the Complaint, Defendant denies.

2. In response to the allegations in paragraph 2 of the Complaint, Defendant admits only that venue is proper in this District. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

## PARTIES

3. In response to the allegations in paragraph 3 of the Complaint, Defendant admits only that Plaintiff is generally charged with the enforcement of Title I of the ADA. Except as expressly admitted, Defendant denies all allegations contained in Paragraph 3 of the Complaint.

4. In response to the allegations in paragraph 4 of the Complaint, Defendant admits.

5. In response to the allegations in paragraph 5 of the Complaint, Defendant admits.

6. In response to the allegations in paragraph 6 of the Complaint, Defendant admits.

## ADMINISTRATIVE PROCEDURES

7. In response to the allegations in paragraph 7 of the Complaint, Defendant admits only that Penny Wightman ("Wightman") filed a Charge of Discrimination with the EEOC more than 30 days prior to the institution of this lawsuit, and that the Charge alleged a violation of the ADA, but denies violating any laws that support a claim for relief by Plaintiff. Except as expressly admitted, Defendant denies all allegations contained in Paragraph 7 of the Complaint.

8. In response to the allegations in paragraph 8 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to when Plaintiff issued a determination and proposed conciliation, and on that basis denies the allegation.

9. In response to the allegations in paragraph 9 of the Complaint, Defendant admits only that it engaged in communications with Plaintiff following receipt of Plaintiff's determination and proposed conciliation. Except as expressly admitted, Defendant denies all allegations contained in Paragraph 9 of the Complaint.

10. In response to the allegations in paragraph 10 of the Complaint, Defendant is without sufficient information to admit or deny, and therefore denies.

11. In response to the allegations in paragraph 11 of the Complaint, Defendant admits.

12. In response to the allegations in paragraph 12 of the Complaint, Defendant denies.

## STATEMENT OF CLAIMS

13. In response to the allegations in Paragraph 13 of the Complaint, Defendant denies.

14. In response to the allegations in Paragraph 14 of the Complaint, Defendant is without sufficient information to admit or deny, and therefore denies.

15. In response to the allegations in Paragraph 15 of the Complaint, Defendant denies as stated.

16. In response to the allegations in Paragraph 16 of the Complaint, Defendant denies as stated.

17. In response to the allegations in Paragraph 17 of the Complaint, Defendant denies.

18. In response to the allegations in Paragraph 18 of the Complaint, Defendant denies.

## **AFFIRMATIVE DEFENSES**

Further answering, and by way of defense, Defendant states as follows:

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims for damages are barred due to Defendant's good-faith efforts to consult with Wightman about her medical status, barriers created by her condition, and options to enable her to perform the essential functions of her position.

### **SECOND AFFIRMATIVE DEFENSE**

Some or all of the claims asserted in the Complaint may be barred by Wightman's failure to mitigate her damages, if any.

### **THIRD AFFIRMATIVE DEFENSE**

Defendant is entitled to a set-off against Plaintiff's claims of damage in the amount(s) that Wightman did or could have earned through reasonable efforts.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the EEOC failed to satisfy its obligation to engage in good-faith conciliation efforts prior to the institution of this action.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Wightman cannot demonstrate that she is a qualified individual with a disability and/or that she could perform the essential functions of her position, with or without a reasonable accommodation.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and/or Wightman have waived, or should be estopped from asserting, some or all of the claims asserted in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

At all times, Defendant acted in good faith and in an effort to comply with all applicable laws, including the Americans With Disabilities Act of 1990.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or limited by the statutory language and cap set forth in 42 U.S.C. § 1981a.

## TENTH AFFIRMATIVE DEFENSE

If Wightman has been damaged as alleged, such damages were caused by her own acts, by the acts of those other than Defendant, or by acts for which Defendant is not responsible.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because Defendant would have taken the same employment action(s) regarding Wightman in the absence of any alleged unlawful motive.

## PRAYER

WHEREFORE, Defendant respectfully requests that the Court enter judgment as follows:

1. That the claims in Plaintiff's Complaint be dismissed with prejudice;

2. That Plaintiff and Wightman take nothing by reason of said Complaint or any of the claims set forth therein;

3. That Defendant recover its costs, disbursements, expenses, and attorneys' fees herein; and

4. That the Court grant such other and further relief as it may deem just and proper.

Dated: November 8, 2017              Respectfully submitted,


*/s/ Tamsen Leachman*
Tamsen Leachman5697
tleachman@littler.com
121 SW Morrison, Suite 900
Portland, OR  97204
503.221.0309

ATTORNEYS FOR DEFENDANT
JACKSONS FOOD STORES, INC., D/B/A
JACKSON ENERGY

# CERTIFICATE OF SERVICE

   I hereby certify that on November 8, 2017, I electronically filed the foregoing ANSWER TO COMPLAINT with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

  Roberta L. Steele, CA SBN 188198
  U.S. Equal Employment Opportunity
  Commission
  San Francisco District Office
  450 Golden Gate Ave, 5th Floor West
  P.O. Box 36025
  San Francisco, CA 94102

  John F. Stanley, WASBN 15418
  May R. Che, NY SBN 4255378
  U.S. Equal Employment Opportunity
  Commission
  Seattle Field Office
  909 First Avenue, Suite 400
  Seattle, WA 98104
  Email: may.che@eeoc.gov

            */s/ Laura M. Lucero*
            Laura M. Lucero
            Legal Assistant

Firmwide:150806934.2 095181.1002