UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>        Plaintiff,<br><br>    v.<br><br>JACKSONS FOOD STORES, INC. d/b/a JACKSON ENERGY<br><br>        Defendant. | Case No.  1:17-cv-00407-REB<br><br>**JOINT PROPOSED DISCOVERY PLAN** |

# I.  Preservation

a. **Preservation & Proportionality:**  The parties have applied the proportionality standard in Rule 26(b)(1) to determine what information should be preserved and what information should not be preserved.

b. **Electronically Stored Information (ESI):**  The EEOC discussed discovery of electronically stored information ("ESI") related to Charging Party Penny Wightman's employment at Defendant, including her requests for reasonable accommodation due to her injury, and its impact on Defendant's business operations including but not limited to emails, notes,

or other records stored electronically. Defendant agreed to preserve such emails and records related in a manner that preserves original content and metadata and searchable for metadata. The EEOC also requests that such e-mails not be archived which would make retrieval and searching costlier and more time consuming, but preserved in a manner that will allow for economical and expedient searching. Jacksons Food Stores, Inc. has issued an appropriate litigation hold. Otherwise, the Parties do not anticipate that this is a case that will generate a large volume of ESI or issues related to discovery of ESI. With regard to ESI, the parties agree to:

1. Preserve the Following Types of ESI

    a. Emails

    b. Defendant Training Records

    c. Defendant Dispatcher Schedules and Assignments

    d. Defendant Dispatch Records

    e. Other Defendant Records in support of its Affirmative Defenses

2. From the Following Custodians or Job Titles:

    a. TBD

3. From the Following Systems, Servers, or Databases

    a. TBD

## II.    Initial Disclosures

The parties agree to modify the deadlines in Rule 26(a) to allow initial disclosures to be provided on January 15, 2018.

## III.    Scope of Discovery

The Parties anticipate conducting discovery on all matters raised in the pleadings. The Parties do not anticipate the need for limitations on discovery other than those imposed by the federal or local rules, but reserve the right to seek modifications in the future.

## IV.    ESI

a. **ESI File Format:** The parties agree to produce documents in the following file format[s] *[check any that apply]*:

⊠PDF;

⊠TIFF;

⊠Native; and/or

⊠Paper.

b. **E-mail Custodian List Exchange:** On or before March 7, 2018, the parties agree to exchange lists identifying (1) likely e-mail custodians, and (2) a specific identification of the *[15]* most significant listed e-mail custodians in view of the pleaded claims and defenses.

c. **Discovery Re E-mail Custodians, Search Terms & Time Frames:** Each requesting party may propound up to *[5]* written discovery requests and take *[one]* deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. The court may allow additional discovery upon a showing of good cause.

d. **Form of E-mail Production Requests:** E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame.

e. **Limits on E-mail Production Requests – Custodians:** Each requesting party shall limit its e-mail production requests to a total of *[8]* custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave.

f. **Limits on E-mail Production Requests – Keyword Search Terms:** Each requesting party shall limit its e-mail production requests to a total of *[10]* keyword search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The keyword search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.

g. **Liaison:** Each party will identify a Liaison who is responsible for, and knowledgeable about (or has access to a person knowledgeable about), that party's ESI. This includes the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the Liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

## V.   Deadlines

a. The deadline for the completion of fact discovery is: the parties anticipate that fact discovery can be completed by December 14, 2018 and will confer with the Court further on this matter.

b. The deadline for completion of expert witness discovery is:

- Plaintiffs propose the deadline for expert witness discovery be completed by the close of fact discovery.

- Defendant proposes the deadline for expert witness discovery be completed after the dispositive motions deadline.

## VI.   Documents Protected From Discovery

a. **Clawback:** Pursuant to Fed. R. Evid. 502(d), the parties request the Court to enter an Order that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state

proceeding. The Court will enter such an order in its CMO unless the parties object or otherwise request that no such order be issued during the telephone scheduling conference.

b. **Post-Complaint Communications:**  Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

## VII.   Protective Order

a. The parties will agree to the terms of a Protective Order to protect medical information and will submit that to the Court for its approval.

b. The parties understand that, even if they agree to seal material filed with the Court, they must still file a motion to seal and obtain Court approval that the sealing meets the Ninth Circuit standards for sealing.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

DATED this 30th day of October 2017.

ROBERTA STEELE
Regional Attorney

JOHN F. STANLEY
Supervisory Trial Attorney

MAY CHE
Senior Trial Attorney

BY: */s/   May Che*
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

909 First Avenue, Suite 400
Seattle, WA  98104-1061
Telephone (206) 220-6919
 Facsimile (206) 220-6911

*Attorneys for Plaintiff EEOC*

BY: *_/s/   Tamsen Leachman_____*
LITTLER MENDELSON, P.C.
121 SW Morrison St., Suite 900
Portland, OR 97204
503.889.8856 (direct)
503.221.0309 (main)

*Attorneys for Defendant Jacksons Food Stores, Inc., d/b/a Jackson Energy*